IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case No. 3:23-cv-00658-MOC-SCR

| | |
|---|---|
| ROBERT PETER PAUL JAKAITIS,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC. d/b/a LOWE'S,<br><br>Defendant. | ANSWER |

NOW COMES Lowe's Companies, Inc. ("Lowe's," or "Defendant"), by and through counsel, in response to the allegations contained in the *Pro Se* Complaint (ECF No. 1-1, "Complaint"), filed by Plaintiff Robert Peter Paul Jakaitis ("Plaintiff"), hereby states as follows:

## GENERAL DENIAL

Defendant hereby enters a general denial to all legal claims asserted by Plaintiff. Except as expressly admitted in this Answer, the factual allegations in the Complaint are denied.

Defendant admits only the following:

1. Plaintiff was hired by Lowe's on March 17, 2020, and was terminated on December 15, 2022.

2. At the time of his termination, Plaintiff held the position of Customer Service Associate at a Lowe's Store No. 489 in Huntersville, NC.

3. At all times, Plaintiff was an at-will employee whose employment with Lowe's could be terminated at any time, with or without cause, and with or without notice.

4. Claimant filed an administrative Amended Charge of Discrimination (430-2023-01004) with the Equal Employment Opportunity Commission (EEOC) on or about June 23, 2023.

1

5. The EEOC issued a Determination and Notice of Rights to Claimant on June 29, 2023.

6. At times relevant to Plaintiff's Complaint, Lucas Brewton was employed by Lowe's as a Store Manager.

7. At times relevant to Plaintiff's Complaint, Andra Cohen was employed by Lowe's as a Customer Service Associate.

8. At times relevant to Plaintiff's Complaint, Austin Flowe was employed by Lowe's as a Customer Service Associate.

9. At times relevant to Plaintiff's Complaint, James Moore was employed by Lowe's as a Human Resources Partner.

10. At times relevant to Plaintiff's Complaint, Terecita Plasencia was employed by Lowe's as a Customer Service Associate.

11. At times relevant to Plaintiff's Complaint, Nichole Nisavic was employed by Lowe's as a Head Cashier.

12. At times relevant to Plaintiff's Complaint, Gary Bales was employed by Lowe's as a Store Manager.

**GENERAL DENIAL**

Except as expressly admitted herein, each and every allegation of the Complaint is denied.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant sets forth the following affirmative and additional defenses.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred or reduced by the doctrines of res judicata, waiver, consent, release, laches, unclean hands, estoppel, fraud, and/or conditions precedent or subsequent.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the North Carolina Workers' Compensation Act, N.C. Gen. Stat. § 91. 1 *et seq*.

## FOURTH DEFENSE

Plaintiff's claims are barred by the contributory negligence of the Plaintiff.

## FIFTH DEFENSE

Plaintiff had actual knowledge of and voluntarily assumed the risk incident to the alleged negligent conduct.

## SIXTH DEFENSE

Even if Plaintiff sustained any injuries or damages as set forth in the Complaint, which is denied, the same were due to and caused by the negligence, recklessness, willfulness, and wantonness of others and not this Defendant.

## SEVENTH DEFENSE

Even if Plaintiff has suffered injuries as set forth in the Complaint, which is denied, then said injuries were caused by the acts or omissions of third parties, and that these acts or omissions of third parties acted as a direct and proximate cause of the Plaintiff's injuries in such a way as to constitute a supervening or intervening cause ending all liability on the part of Defendant.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by applicable limitations periods or administrative deadlines imposed by law.

## NINTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, for failure to exhaust administrative remedies.

## TENTH DEFENSE

To the extent Plaintiff suffered any damages caused by Defendant, which Defendant expressly denies, such damages should have been mitigated by reasonable efforts on the part of Plaintiff.

## ELEVENTH DEFENSE

Defendant's actions were lawful, legitimate, and proper in all respects and in accordance with all applicable law.

## TWELFTH DEFENSE

All actions taken by Defendant were undertaken in good faith and for legitimate business reasons.

## THIRTEENTH DEFENSE

Plaintiff did not engage in any protected activity under state or federal law.

## FOURTEENTH DEFENSE

Although Defendant denies Plaintiff engaged in any protected activity, if Plaintiff engaged in any protected activity, Defendant's actions toward Plaintiff were without consideration as to any protected activity. However, if it is determined that any protected activity was a motivating factor in any action (which is denied), Defendant asserts that it would have reached the same result, regardless of any protected activity in which Plaintiff even arguably might have engaged.

## FIFTEENTH DEFENSE

Defendant's actions toward Plaintiff were without consideration as to any protected category. If it is determined that any protected category was a motivating factor in any action

(which is denied), Defendants assert that they would have reached the same result, regardless of any protected category in which the Plaintiff may lie.

## SIXTEENTH DEFENSE

Plaintiff failed to avail himself of internal remedies and/or seek redress through all available avenues.

## SEVENTEENTH DEFENSE

Plaintiff did not suffer an adverse employment action under applicable law.

## EIGHTEENTH DEFENSE

Plaintiff's ADA claims fail because he is not a qualified individual with a disability and/or did not suffer an adverse employment action as a result of any disability.

## NINETEENTH DEFENSE

Plaintiff's claims fail because Plaintiff failed to perform the essential functions of his job during his employment by Defendant.

## TWENTIETH DEFENSE

Plaintiff's claims fail because Plaintiff failed to sufficiently participate in the interactive process regarding Plaintiff's alleged disability and reasonable accommodation of that alleged disability.

## TWENTY-FIRST DEFENSE

Plaintiff's claims fail because Plaintiff was an at-will employee, and accordingly, either Plaintiff or Defendant could have terminated Plaintiff's employment at any time.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds unrelated to Defendant's conduct.

## TWENTY-THIRD DEFENSE

Plaintiff's malicious prosecution claim is barred because Defendant acted in good faith at all times and did not lack probable cause in pursuing a lawsuit against Plaintiff.

## TWENTY-FOURTH DEFENSE

Plaintiff's defamation claim is barred because the statements were true, based on opinion rather than fact, or made in a context or under circumstances that are not actionable.

## TWENTY-FIFTH DEFENSE

Although Defendant denies that any of its employees or agents acted in any manner that would constitute an unlawful act, if Plaintiff were subjected to unlawful conduct in any way, any such violation occurred outside the scope of employment or agency of any individual who may have directed such conduct towards Plaintiff. Defendant does not condone, ratify, or tolerate such conduct, but instead prohibits such conduct, and any such conduct may not be attributed to Defendant under the principals of agency, *respondeat superior*, or otherwise.

## TWENTY-SIXTH DEFENSE

Both factually and as a matter of law, Plaintiff may not recover punitive damages from Defendant, or any of the other relief sought by Plaintiff.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiff's claims exceed the amounts permissible and/or request damages which are unavailable under state and federal law, all such claims and/or requests for damages are subject to the limitations of appropriate statutory caps, limits, and/or exclusions existing at law.

## TWENTY-EIGHTH DEFENSE

Defendant's good faith efforts to comply with non-discrimination laws make any award of punitive damages improper and contrary to law. Such good faith efforts include, but are not limited to, maintaining written policies on non-discrimination, including policies prohibiting unlawful

discrimination and harassment, providing employees several options for reporting inappropriate conduct, and assuring that any employee who makes complaints of discrimination and/or harassment will not be subjected to retaliation.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred because he cannot establish that protected status was the but for cause of any action taken by Defendant.

## RESERVATION AND NON-WAIVER

Defendant reserves and does not waive any additional defenses or claims that may be revealed through the course of discovery or otherwise.

WHEREFORE, Defendant respectfully requests that:

a.  This action be dismissed with prejudice;

c.  Defendant be awarded its costs and fees; and

d.  Defendant be granted such other and further relief as appropriate.

Respectfully submitted, this the 16th day of October, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/Carson Lane*
James M. Powell (NC State Bar 12521)
Jimmy.Powell@wbd-us.com
300 N. Greene Street, Suite 1900
Greensboro, North Carolina 27401
Telephone: (336) 574-8081
Facsimile: (336) 574-4561

Carson Lane (NC State Bar No. 54891)
Carson.Lane@wbd-us.com
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2138

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system.

I hereby further certify that a copy of the foregoing **Answer** was served on the *Pro Se* Plaintiff by United States Mail, first class, postage prepaid, addressed as follows:

> Robert Peter Paul Jakaitis
> 19705 Acasia Pl
> Cornelius, NC 28031

This the 16th day of October, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/Carson Lane*
Carson Lane